IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE L. MCCOLLUM

        Plaintiff,

v.                                                    Case No. 13-1156-JTM

WEST ELK SCHOOL BOARD #282, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The court has before it defendant West Elk School Board #282's Motion to Dismiss (Dkt. 8). After reviewing the motion and plaintiff McCollum's response, the court grants the motion for the following reasons.

**I. Background**

Plaintiff Ronnie McCallum, appearing pro-se, filed his Complaint on April 24, 2013. McCallum's Complaint lists three defendants: (1) West Elk School Board #282 (hereinafter "School Board"), (2) United County Real Estate ("UCRE"), and (3) Daniel Arnold Hanson. It states that McCollum and School Board are Kansas residents and Hanson is a Texas resident; the Complaint does not allege what state UCRE is a resident of, but lists its address as 337 W. Kansas Ave, McPherson, KS 67460. Rather than alleging a violation of the U.S. Constitution or other federal law, the Complaint identifies "other grounds" as its basis, namely that "West Elk School Board #282 sold Severy Grade School #82 & Severy High School #7's property wrongfully. The original

deed was never undated by West Elk School Board #282." Dkt. 1, pg. 3. In the State of Claim section of his Complaint, McCollum laid out his claim:

> Defendant held a public auction of Plaintiffs' property, held by United County Real Estate. They then signed property over to Daniel Arnold Hanson on April 25, 2011. The original deed is dated October 14, 1963.

*Id.* The Complaint alleges McCollum is entitled to $500,000 in damages plus punitive damages.

On May 30, 2013, defendant School Board filed its motion asking the court to dismiss the case for several deficiencies: (1) the court does not have subject matter jurisdiction, (2) McCollum does not have standing, (3) the Complaint does not state a claim to relief that is plausible on its face, and (4) McCollum failed to file written notice with the municipality pursuant to KAN. STAT. ANN. 12-105b before filing this case.

## II. Legal Standard: Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

The court must construe pro se pleadings liberally, but "it need accept as true plaintiff's well-pleaded contentions, not his conclusory allegations." *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the court should not "construct arguments or theories for the plaintiff" or "supply additional factual allegations to round out a plaintiff's complaint." *Shelby v. Mercy Regional Hospital*, 2009 WL 1067309, at *2 (D. Kan. April 21, 2009). Moreover, pro se litigants are subject to and must follow procedural rules governing all litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002). Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bafford v. Pokorski*, 2008 WL 2783132, at *3 (D. Kan. July 17, 2008).

**III. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Pentco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). There is a presumption against the existence of subject matter jurisdiction, and the party invoking jurisdiction has the burden of proving it. Conclusory allegations are insufficient. *Id*. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks

3

jurisdiction it must proceed no further." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1042 (10th Cir. 2004). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In this case, plaintiff has not alleged either diversity of citizenship or federal question jurisdiction. The court concludes that it lacks subject matter jurisdiction over this matter.

*Diversity Jurisdiction*

In this case, the court does not have diversity jurisdiction. The relevant statute here is 28 U.S.C. § 1332(a)(1), which confers jurisdiction upon federal courts over civil actions between citizens of different states. This statute requires complete diversity of citizenship, which "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The Complaint lists both plaintiff McCollum and defendant School Board as Kansas residents, destroying any possibility of complete diversity in the case.

*Federal Question Jurisdiction*

The court does not have federal question jurisdiction in this case either. In order for the court to have federal question jurisdiction under 28 U.S.C. § 1331, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). McCollum's Complaint does not identify as a basis for his claims any section of the U.S. Constitution

4

or any statute of the United States. The facts in the Complaint allege the wrongful sale by the defendants due to a failure to "undate" a deed of the property. These facts do not appear to support any accidentally-omitted federal law claim. The court holds that it does not have jurisdiction under § 1331. With neither diversity jurisdiction nor federal question jurisdiction, the court must dismiss the case.

*Article III Standing*

Although McCollum might otherwise be able to save his claim by dismissing the defendant(s) that are Kansas residents, the court also finds that he lacks Article III standing. "Standing is analyzed under Fed. R. Civ. P. 12(b)(1) because a party's standing implicates subject matter jurisdiction." *Cimarron Lumber & Supply Co. v. McLiney Lumber & Supply, L.L.C.*, No. 12-2240, 2013 U.S. Dist. LEXIS 45357, at *4 (D. Kan. Mar. 2, 2013). "To demonstrate standing, a plaintiff must show that they 'personally [have] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.'" *Id.* (quoting *Valley Forge Christian College v. Amerocams United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted)). A party lacks Article III standing to challenge a sale of property in which he has no interest. *See Landrith v. Bank of N.Y. Mellon*, No. 12-2352, 2013 U.S. Dist. LEXIS 28744, at *10 (D. Kan. Mar. 1, 2013) (stating that unless plaintiff has an interest in the property allegedly the subject of a fraudulent mortgage scheme "he cannot show that he has suffered a direct injury"); *see also Brown v. City of Maize*, No. 07-1178-JTM, 2009 U.S. Dist. LEXIS 26464, at *26 (D. Kan. Mar. 30, 2013) (holding

5

"[plaintiff] did not own [the subject property] and therefore lacks standing to sue for any real or imagined diminution in the value of that property, which belonged to other entities").

The Complaint appears to allege a defect in the sale of the Severy Grade School and High School, but does not state that McCollum has any personal interest in it. Instead, McCollum attempts to bring this claim as a legal representative on behalf of the two schools. In listing his "other grounds" for this claim, McCollum states that the defendants "sold Severy Grade School #82 & Severy High School #7's property wrongfully." This indicates that the property at issue belonged to the Severy schools, rather than McCollum. In stating his claim, McCollum states that "Defendant held a public auction of Plaintiffs' property . . . ." If McCollum used the word "Plaintiffs' " in place of his own name, the court could interpret the Complaint as asserting a personal interest of McCollum's in the property despite the apparently mistaken use of the plural possessive form. But the Complaint reveals that McCollum used the word "Plaintiffs' " to refer to the Severy schools. In the "additional section" of the Complaint, McCollum states: "Plaintiffs are asking the defendants to sign the above mentioned property deed, signed on April 25, 2011, back to plaintiff." Under this request, McCollum signs for Severy Grade School #82 and Severy High School #7, as the plaintiffs to the claim.

McCollum does not assert facts that would give him the requisite personal interest for standing to sue on behalf of these two schools. Accordingly, the court dismisses his claim.[1]

IT IS THEREFORE ORDERED this 31st day of July, 2013, that West Elk School Board #282's Motion to Dismiss (Dkt. 8) is granted. The case is dismissed against all defendants without prejudice.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[1] The court dismisses the claim against School Board because it filed the Motion to Dismiss, and the court has no diversity or federal question jurisdiction over the claim against it. Additionally, McCollum has no standing to sue the School Board. Although the deficiency in diversity jurisdiction might otherwise be rectified, the court also dismisses the claims against UCRE and Daniel Hanson because of McCollum's lack of standing, which cannot be corrected.